Ali USMAN, Petitioner,

v.

Eric HOLDER, United States Attorney General, Respondent.

No. 08–1837–ag.

United States Court of Appeals, Second Circuit.

March 25, 2009.

Ramesh K. Shrestha, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Barry J. Pettinato, Assistant Director, Kristin A. Moresi, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ali Usman, a native and citizen of Pakistan, seeks review of a March 20, 2008 order of the BIA affirming the June 21, 2006 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ali Usman*, No. A77 051 209 (B.I.A. Mar. 20, 2008), *aff'g* No. A77 051 209 (Immig. Ct. N.Y. City June 21, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, because Usman failed to challenge the IJ's denial of his withholding of removal and CAT claims before the BIA, we lack jurisdiction to consider his unexhausted arguments. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 59 (2d Cir.2003)). The petition for review is dismissed to that extent.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008).

The IJ's adverse credibility determination was supported by substantial evidence. The IJ identified numerous inconsistencies between Usman's testimony, his asylum application, and the documents in the record. For example, Usman claimed in the asylum application he filed with the Canadian government that in May 1998, workers for the Muslim Students Federation ("MSF") abducted him, beat him, and left him on the road in a semi-unconscious state until someone brought him to the hospital.[1] In his United States asylum application, however, he made no such claim. Rather, he stated that the MSF workers forced him into the MSF office and presented him to the MSF president. The IJ also relied on Usman's statement to U.S. immigration officers, (contrary to his purported fear of persecution), that "I believe I do not face harm if I return to my country." Usman argues that such discrepancies do not go to the heart of his claim, but the IJ properly observed that Usman gave "two different versions of

---

1. We need not address the reliability of the record of Usman's Canadian asylum proceedings because Usman does not argue that the record was flawed in any manner. *Cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004).

events on critical key elements of his case." *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 398 (2d Cir.2005) ("[W]here . . . a petitioner has provided two distinct, non-overlapping accounts of persecution, an IJ will be unable to point to any 'specific inconsistencies' between these accounts because the accounts are inconsistent *in toto.*").

Usman's argument that the IJ failed to credit his explanation for any discrepancies is also without merit. The IJ provided sufficient explanation for her concerns and did not err in rejecting Usman's explanations, including his statement that he "did not write" his Canadian asylum application. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (holding that an agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Finally, Usman argues that the IJ erred in failing to consider the whole record. Nothing in the record indicates that the IJ did not take the entire record into account before concluding that Usman was not credible. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). Substantial evidence supports the IJ's adverse credibility determination, and, accordingly, her denial of Usman's application for asylum. *See Corovic,* 519 F.3d at 95.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).